# EXHIBIT A

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN<br>22nd JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>17-590 CZ |
|---|---|---|

Court address: 101 E HURON STREET   ANN ARBOR, MICHIGAN 48104

David S. Swartz

Court telephone no. (734) 222-3050

**Plaintiff's name(s), address(es), and telephone no(s).**
MARK W. DOBRONSKI   (734) 641-2300
PO BOX 85547
WESTLAND, MI 48185-0547

v

**Defendant's name(s), address(es), and telephone no(s).**
ALLIANCE SECURITY, INC., d/b/a AH SECURITY
c/o National Registered Agents, Inc. (Resident Agent)
40600 Ann Arbor Road East, Suite 201
Plymouth, Michigan 48170

MONITRONICS INTERNATIONAL, INC.
c/o The Corporation Company (Resident Agent)
40600 Ann Arbor Road East, Suite 201
Plymouth, Michigan 48170

-- continued on Page 2 --

**Plaintiff's attorney, bar no., address, and telephone no.**
PRO SE

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to file a written answer with the court and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires<br>SEP 22 2017 | Court clerk |
|---|---|---|

**Family Division Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff)
☐ This case involves a minor who is under the continuing jurisdiction of another Michigan court. The name of the court, file number, and details are on page ____ of the attached complaint.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**Civil Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Lima Township, Washtenaw County, Michigan | Defendant(s) residence (include city, township, or village)<br>Plymouth, Wayne County, Michigan; Rhode Island; Texas |
|---|---|
| Place where action arose or business conducted<br>Lima Township, Washtenaw County, Michigan | |

JUNE 23, 2017
Date

Signature of attorney/plaintiff: Mark W. Dobronski

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (6/17) **SUMMONS AND COMPLAINT**   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|
| **STATE OF MICHIGAN**<br>22nd JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS AND COMPLAINT**<br>Page 2 of 2 pages | **CASE NO.** |

Court address: 101 E HURON STREET   ANN ARBOR, MICHIGAN 48104

Court telephone no. (734) 222-3050

MARK W. DOBRONSKI     v.

Additional Defendants:

MONITRONICS SECURITY LIMITED PARTNERSHIP
d/b/a MONITRONICS SECURITY LP
c/o The Corporation Company (Resident Agent)
40600 Ann Arbor Road East, Suite 201
Plymouth, Michigan 48170

JASJIT S. GOTRA
85 Garfield Avenue
Cranston, Rhode Island  02920

-and-

BRUCE LAWRENCE MUNGIGUERRA
1098 Metalmark Court
Lantana, Texas  76226

MC 01a (3/85) **SUMMONS AND COMPLAINT**

STATE OF MICHIGAN

IN THE 22ND JUDICIAL CIRCUIT COURT

MARK W. DOBRONSKI, an individual,

    Plaintiff,

v.

ALLIANCE SECURITY, INC., a Delaware corporation, d/b/a AH SECURITY, MONITRONICS INTERNATIONAL, INC., a Texas corporation; MONITRONICS SECURITY LIMITED PARTNERSHIP, a Delaware limited partnership, d/b/a MONITRONICS SECURITY LP; JASJIT S. GOTRA, an individual; and, BRUCE LAWRENCE MUNGIGUERRA, an individual,

    Defendants.

Case No. 17-590-CZ

Hon. David S. Swartz

RECEIVED
JUN 23 2017
Washtenaw County
Clerk/Register

Mark W. Dobronski
Plaintiff *Pro Se*
Post Office Box 85547
Westland, Michigan 48185-0547
Tel: (734) 641-2300

## VERIFIED COMPLAINT

> Pursuant to M.C.R. 2.113(C)(2)(b), the Court is advised that there is no other civil action between these parties or other parties arising out of the transaction or occurrence alleged in this Complaint

Plaintiff, Mark W. Dobronski, appearing *in propria persona*, says:

Parties, Jurisdiction, and Venue

1. This matter arises under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. 227, *et seq.*, and the Michigan Home Soliciation Sales Act ("MHSA"), M.C.L. § 445.111, *et seq.*

2. Plaintiff is an individual, a citizen of the United States of America, and a resident of Lima Township, Washtenaw County, Michigan.

3. Upon information and belief, the Defendant, Alliance Security Inc. ("ASI"), is a corporation organized and existing under the laws of the State of Delaware, and is registered and qualified to do business in the State of Michigan under the name AH Security.

4. Upon information and belief, the Defendant, Monitronics International, Inc. ("MONII"), is a corporation organized and existing under the laws of the State of Texas, and is registered and qualified to do business in the State of Michigan.

5. Upon information and belief, the Defendant, Monitronics Security Limited Partnership ("MONISLP"), is a limited partnership organized and existing under the laws of the State of Delaware, and is registered and qualified to do business in the State of Michigan under the name Monitronics Security LP.

6. Upon information and belief, the Defendant, Jasjit S. Gotra, is an individual residing in Providence County, Rhode Island, and is the President of Defendant ASI, and directed the conduct complained of herein.

7. Upon information and belief, the Defendant, Bruce Lawrence Mungiguerra, is an individual residing in Denton County, Texas, and is an officer of Defendants MONII and MONISLP, and directed the conduct complained of herein.

8. This Court has jurisdiction over the subject matter of this complaint and venue is proper

in this Court, pursuant to 47 U.S.C. 227(A)(3) and M.C.L. § 600.1629(1)(b)(i), as the illegal conduct complained of herein occurred in Lima Township, Washtenaw County, Michigan.

## General Allegations

9. Plaintiff incorporates the allegations of paragraphs 1 through 8, *supra*.

10. Upon information and belief, the above-captioned defendants, working in concert with each other, are engaged in marketing electronic home security monitoring systems and services in interstate commerce utilizing automated telemarketing systems.

11. The TCPA, at 47 U.S.C. 227(b)(1)(a), promulgates:

> "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States --
>
> (A) to make any call (other than a call made for emergency purposes or made with the *prior expressed consent* of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –
>
> (iii) to any telephone number assigned to a paging service, *cellular telephone service*, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States."

12. In accordance with the TCPA, the Federal Communications Commission ("FCC") has enacted a regulation at 47 C.F.R. 64.1200(a) which proscribes, as follows:

> "(a) No person or entity may:
>
> (1) Except as provided in paragraph (a)(2) of this section, initiate any telephone call (other than a call made for emergency purposes or is made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice;

- 3 -

...

(iii) To any telephone number assigned to a paging service, *cellular telephone service*, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

...

(2) Initiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii) of this section, other than a call made with the prior *express written consent* of the called party or the prior express consent of the called party when the call is made by or on behalf of a tax-exempt nonprofit organization, or a call that delivers a "health care" message made by, or on behalf of, a "covered entity" or its "business associate," as those terms are defined in the HIPAA Privacy Rule, 45 CFR 160.103.

13. The TCPA regulations, at 47 C.F.R. 64.1200(b), further promulgates:

    "(b) All artificial or prerecorded voice telephone messages shall:

    (1) At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable regulatory authority) must be stated;

    (2) During or after the message, state clearly the telephone number (other than that of the autodialer or recorded message player that place the call) of such business, other entity, or individual. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges. For telemarketing messages to residential telephone subscribers, such telephone number must permit any individual to make a do-not-call request during regular business hours for the duration of the telemarketing campaign.

    (3) In every case where the artificial or prerecorded voice

- 4 -

>   telephone message includes or introduces an advertisement or constitutes telemarketing and is delivered to a residential telephone line or any of the lines or telephone numbers described in paragraphs (a)(1)(I) through (iii), provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the called person to make a do-not-call request, including brief explanatory instructions on how to use such mechanism, within two (2) seconds of providing the identification information required in paragraph (b)(1) of this section."

14. Further, the TCPA, at 47 U.S.C. 227(b)(3), promulgates:

    >   "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State –
    >
    >   (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
    >
    >   (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for *each such violation*, whichever is greater, or
    >
    >   (C) both such actions.
    >
    >   If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph."

15. The MHSA promulgates, at M.C.L. § 445.111a, in relevant part:

    >   "(1) A home solicitation sale shall not be made by telephonic solicitation using in whole or in part a recorded message. A person shall not make a telephone solicitation that consists in whole or in part of a recorded message.
    >
    >   ...
    >
    >   (4) ... [A] telephone solicitor shall not make a telephone solicitation to a residential telephone subscriber whose name and residential telephone number is on the then-current version of that do-not-call

list."

16. The MHSA additionally promulgates, at M.C.L. § 445.111b(1), as follows:

> "At the beginning of a telephonie solicitation, a person making a telephone solicitation to a residential telephone subscriber shall state his or her name and the full name of the organization or other person Aon whose behalf the call was initiated and provide a telephone number of the organization or other person on request. A natural person must be available to answer the telephone number at any time when telephone solicitations are being made."

17. Further, the MHSA, at M.C.L. § 445.111c(3), prescribed penalties as follows:

> "A person who suffers loss as a result of this section may bring an action to recover actual damages or $250.00, whichever is greater, together with reasonable attorney fees. This subsection does not prevent the consumer from asserting his or her rights under this act if the telephone solicitation results in a home solicitation sale, or asserting any other rights or claims the consumer may have under applicable state or federal law."

18. At no time relevant hereto has Plaintiff had an "established business relationship" (as that term is defined at 47 U.S.C. 227(a)(2)) with any of the Defendants.

19. At no time relevant hereto has Plaintiff provided prior express consent to any of the Defendants to initiate any telephone call using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's residence telephone numbers.

20. At no time relevant hereto has Plaintiff provided authorization to any of the Defendants to engage in "telephone solicitation" (as that term is defined at 47 U.S.C. 227(a)(4) or M.C.L. § 445.111(m)) with the Plaintiff via telephone.

21. Pursuant to 47 U.S.C. § 217, the act, omission, or failure of any officer, agent, or other person acting for or employed by an common carrier or user, acting within the scope of his employment, shall in every case also be deemed to be the act, omission, or failure of such carrier or

user as well as that of the person.

22. Plaintiff's residential telephone numbers are both listed on the National Do Not Call Registry and have been so listed for many years and at all times relevant hereto.

## COUNT I

23. Plaintiff incorporates the allegations of paragraphs 1 through 22, *supra.*

24. On June 19, 2017, at approximately 9:17 A.M., Plaintiff received a telephone call from 203-529-8961 on his residential telephone. Upon answering the telephone, the Plaintiff heard silence. Plaintiff stated "hello" several times. After approximately five seconds, a "water drop" sound was heard followed by a recorded female voice which began with the greeting "Hi! This is Monica with Home Security...".

25. The automated message attempted to prompt Plaintiff to "dial 1" to speak with an agent to obtain a FREE home security system. Instead, Plaintiff hung up.

26. The telephone solicitation violated the MHSA, specifically M.C.L. § 445.111a(1), because it was a recorded message.

27. The telephone solicitation violated the MHSA, specifically M.C.L. § 445.111a(4), because Plaintiff's residential telephone number is on the do-not-call list.

28. The telephone solicitation violated the MHSA, specifically M.C.L. § 445.111b(1), because at no time at the beginning or during the automated message was the name of the organization on whose behalf the call was initiated, nor was a telephone number of that organization, provided.

29. The telephone solicitation violated the TCPA, specifically 47 C.F.R. § 64.1200(c), because it was made to Plaintiff's residential telephone number which appears on the national do-not-call registry.

30. The telephone solicitation violated the TCPA, specifically 47 C.F.R. §64.1200(a)(2), because the Defendants initiated or caused to be initiated a telephone call that included or introduced an advertisement using an automatic telephone dialing system or an artificial or prerecorded voice and the Defendants did not have the prior express consent of the Plaintiff.

31. The telephone solicitation violated the TCPA, specifically 47 C.F.R. § 64.1200(b)(1), because at no point at the beginning, during, or after the prerecorded voice telephone message state clearly the identity of the business.

32. The telephone solicitation violated the TCPA, specifically 47 C.F.R. § 64.1200(b)(2), because at no point at the beginning, during, or after the prerecorded voice telephone message did the message state the telephone number of the entity.

33. The telephone solicitation violated the TCPA, specifically 47 C.F.R. § 64.1200(b)(3), because the voice telephone message did not include an automated, interactive voice- and/or key pressed-activated opt-out mechanism to make a do-not-call request.

34. The telephone solicitation violated the TCPA, specifically 47 C.F.R. § 64.1200(a)(7)(i), because a live sales representative was not made available to speak with the person answering the call within two (2) seconds after the called person's completed greeting.

35. The Defendants' violations of the TCPA were wilful and/or knowing.

## COUNT II

36. Plaintiff incorporates the allegations of paragraphs 1 through 35, *supra*.

37. On June 20, 2017, at approximately 9:08 A.M., Plaintiff received a telephone call from 203-529-8961 on his residential telephone. Upon answering the telephone, the Plaintiff heard silence. Plaintiff stated "hello" several times. After approximately five seconds, a "water drop" sound was heard followed by a recorded female voice which began with the greeting "Hi! This is

- 8 -

Monica with Home Security...".

38. The automated message attempted to prompt Plaintiff to "dial 1" to speak with an agent to obtain a FREE home security system. Instead, Plaintiff hung up.

39. The telephone solicitation violated the MHSA, specifically M.C.L. § 445.111a(1), because it was a recorded message.

40. The telephone solicitation violated the MHSA, specifically M.C.L. § 445.111a(4), because Plaintiff's residential telephone number is on the do-not-call list.

41. The telephone solicitation violated the MHSA, specifically M.C.L. § 445.111b(1), because at no time at the beginning or during the automated message was the name of the organization on whose behalf the call was initiated, nor was a telephone number of that organization, provided.

42. The telephone solicitation violated the TCPA, specifically 47 C.F.R. § 64.1200(c), because it was made to Plaintiff's residential telephone number which appears on the national do-not-call registry.

43. The telephone solicitation violated the TCPA, specifically 47 C.F.R. §64.1200(a)(2), because the Defendants initiated or caused to be initiated a telephone call that included or introduced an advertisement using an automatic telephone dialing system or an artificial or prerecorded voice and the Defendants did not have the prior express consent of the Plaintiff.

44. The telephone solicitation violated the TCPA, specifically 47 C.F.R. § 64.1200(b)(1), because at no point at the beginning, during, or after the prerecorded voice telephone message state clearly the identity of the business.

45. The telephone solicitation violated the TCPA, specifically 47 C.F.R. § 64.1200(b)(2), because at no point at the beginning, during, or after the prerecorded voice telephone message did

the message state the telephone number of the entity.

46. The telephone solicitation violated the TCPA, specifically 47 C.F.R. § 64.1200(b)(3), because the voice telephone message did not include an automated, interactive voice- and/or key pressed-activated opt-out mechanism to make a do-not-call request.

47. The telephone solicitation violated the TCPA, specifically 47 C.F.R. § 64.1200(a)(7)(i), because a live sales representative was not made available to speak with the person answering the call within two (2) seconds after the called person's completed greeting.

48. The Defendants' violations of the TCPA were wilful and/or knowing.

## COUNT III

47. Plaintiff incorporates the allegations of paragraphs 1 through 46, *supra*.

48. On June 20, 2017, at approximately 9:38 A.M., Plaintiff received a telephone call from 203-529-8961 on his residential telephone. Upon answering the telephone, the Plaintiff heard silence. Plaintiff stated "hello" several times. After approximately five seconds, a "water drop" sound was heard followed by a recorded female voice which began with the greeting "Hi! This is Monica with Home Security...".

49. The automated message prompted Plaintiff to "dial 1" to speak with an agent to obtain a FREE home security system. Plaintiff dialed "1" and was connected to a male telemarketer who spoke very poor English. The male telemarketer then attempted to pre-qualify Plaintiff for a "free" wireless home security system. After several minutes of pre-qualification, the male telemarketer transfered the call to a female telemarketer by the name of Kelly, who spoke fluent English. After careful questioning, Plaintiff was able to elicit from Kelly that she was located in Rhode Island, but that the company was headquartered in Texas; that she worked for Alliance Security (which installs the alarm system) and Monitronics (which electronically monitors the alarm system), and she

provided the Internet web site addresses for her company (www.alliancesecurity.com and www.mymoni.com).

50. The telephone solicitation violated the MHSA, specifically M.C.L. § 445.111a(1), because it was a recorded message.

51. The telephone solicitation violated the MHSA, specifically M.C.L. § 445.111a(4), because Plaintiff's residential telephone number is on the do-not-call list.

52. The telephone solicitation violated the MHSA, specifically M.C.L. § 445.111b(1), because at no time at the beginning or during the automated message was the name of the organization on whose behalf the call was initiated, nor was a telephone number of that organization, provided.

53. The telephone solicitation violated the TCPA, specifically 47 C.F.R. § 64.1200(c), because it was made to Plaintiff's residential telephone number which appears on the national do-not-call registry.

54. The telephone solicitation violated the TCPA, specifically 47 C.F.R. §64.1200(a)(2), because the Defendants initiated or caused to be initiated a telephone call that included or introduced an advertisement using an automatic telephone dialing system or an artificial or prerecorded voice and the Defendants did not have the prior express consent of the Plaintiff.

55. The telephone solicitation violated the TCPA, specifically 47 C.F.R. § 64.1200(b)(1), because at no point at the beginning, during, or after the prerecorded voice telephone message state clearly the identity of the business.

56. The telephone solicitation violated the TCPA, specifically 47 C.F.R. § 64.1200(b)(2), because at no point at the beginning, during, or after the prerecorded voice telephone message did the message state the telephone number of the entity.

57. The telephone solicitation violated the TCPA, specifically 47 C.F.R. § 64.1200(b)(3), because the voice telephone message did not include an automated, interactive voice- and/or key pressed-activated opt-out mechanism to make a do-not-call request.

58. The telephone solicitation violated the TCPA, specifically 47 C.F.R. § 64.1200(a)(7)(i), because a live sales representative was not made available to speak with the person answering the call within two (2) seconds after the called person's completed greeting.

59. The Defendants' violations of the TCPA were wilful and/or knowing.

PRAYER FOR RELIEF

WHEREFORE, the aforesaid premises considered, Plaintiff prays that this Court enter a judgment against each and every of the Defendants, jointly and severally, as follows:

    A. $250.00 damages for each violation the MHSA – 3 violations per count – a total of 9 violations; damages in the amount of $2,250.00.

    B. $500.00 damages for each violation of the TCPA – 6 violations per count – a total of 18 violations; damages in the amount of $9,000.00.

    C. And, pursuant to 47 U.S.C. § 227(b)(3), damages under the TCPA be trebled due to Defendants' wilful and/or knowing violations;

for a total award of damages of $29,250.00, plus an award for Plaintiff's taxable costs and disbursements incurred in the filing and prosecution of this action; and, such other and further relief as this Court deems necessary, reasonable, prudent, and proper under the circumstances.

Respectfully Submitted,

Dated: June 23, 2017

*[signature: Mark W. Dobronski]*

Mark W. Dobronski
Plaintiff *Pro Se*

Mark W. Dobronski
Post Office Box 85547
Westland, Michigan 48185-0547
Telephone: (734) 641-2300

## VERIFICATION

State of Michigan )
                        ) *ss;*
County of Wayne )

MARK W. DOBRONSKI, being first duly sworn, says:

1. I am the Plaintiff in the foregoing matter.

2. I have read the Verified Complaint in the foregoing matter, and I know the contents thereof.

3. The matters stated in the Verified Complaint are true in substance and in fact.

4. If sworn as a witness, affiant can testify competently to the facts as set forth in the Verified Complaint.

Further, affiant sayeth naught.

                                                              Mark W. Dobronski

Subscribed and sworn to before me
this __23rd__ day of June, 2017.

State of Michigan
County of Wayne
On this the 23 day of June, 17, before me, Denise M. Hislop, the undersigned officer, personally appeared Mark W. Dobronski known to me (or satisfactorily proven) to be the person(s) whose name(s) (is or are) subscribed to the within instrument and acknowledge that (he, she, or they) executed the same for the purposes therein contained. In witness whereof I hereunto set my hand

Date Commission Expires: 02/08/2017

DENISE M HISLOP
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF WAYNE
My Commission Expires February 8, 2021
Acting in the County of Wayne

- 14 -