IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE: MONITRONICS
INTERNATIONAL, INC.,
TELEPHONE CONSUMER                    CASE NO. 1:13MD2493--JPB-JES
PROTECTION ACT LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - -

THIS DOCUMENT RELATES TO:            *ALL CASES*

AND

IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

FIRST MERCURY INSURANCE COMPANY,
    Plaintiff,

vs.                                                              Civil Action No.: 16-C-258
                                                       Judge F. Jane Hustead

MONITRONICS INTERNATIONAL, INC.,
ALLIANCE SECURITY, INC., ISI ALARMS, INC.,
ISI ALARMS NC, INC., VERSATILE MARKETING
SOLUTIONS, INC., MAXIMUM SECURITY ALARM,
POWER HOME TECHNOLOGIES, LLC,
POWER HOME TECHNOLOGIES, INC.,
ABC CORPS 1-50,

    Defendants.

## NOTICE OF INTENT TO WITHDRAW AS COUNSEL

PLEASE TAKE NOTICE that John R. Teare, Jr, Niall A Paul and Christina Terek intend to seek leave of court to withdraw as legal counsel for Alliance Security, Inc. and Jasit Gotra (Collectively "Alliance") in all matters for which this firm has been retained to represent the interests of Alliance. This firm's intent to withdraw is consistent with the representation

agreement between the firm and Alliance as well as Rule 1.16 of the West Virginia Rules of Professional Conduct.

Rule 1.16 provides, in part:

> a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
> the representation will result in violation of the Rules of Professional Conduct or other law; . . . .
>
> a lawyer may withdraw from representing a client if:
> withdrawal can be accomplished without material adverse effect on the interests of the client; . . . .
> the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
> the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
> other good cause for withdrawal exists.
>
> Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

Alliance has failed to meets its payment obligations to this firm and there has arisen a conflict of interest with Alliance due to Spilman Thomas & Battle's status as an unsecured creditor in the current Alliance Bankruptcy proceeding necessitating the firm's withdraw from representation in all matters for Alliance.

Spilman Thomas & Battle further advises Alliance that, if permitted to withdraw by the Courts in Alliance matters, Alliance will have the burden of keeping the Court informed where notice, pleadings, or other papers may be served;  Alliance will have the obligation of hiring other counsel to serve as its counsel should these matters continue if/when the automatic stay in

Bankruptcy is lifted; that the dates of any proceedings, including trial, and the holding of any such proceedings will not be affected by the withdrawal of counsel; and Alliance has a right to object to counsel's intent to withdraw.

BY SPILMAN THOMAS & BATTLE, PLLC

_____
Niall A. Paul (WV Bar No. 5622)
John R. Teare, Jr. (WV Bar No. 5547)
300 Kanawha Boulevard, East (Zip 25301)
Charleston, WV  25321-0273
304-340-3800
npaul@spilmanlaw.com
jteare@spilmanlaw.com

Christina S. Terek (WV Bar No. 9724)
Century Centre Building
1233 Main Street, Suite 4000
Wheeling, WV 26003
304-230-6962
cterek@spilmanlaw.com

Alliance may indicate to the Courts its consent to the withdrawal of Spilman Thomas & Battle from representation in all matters by its signature below:

Alliance Security, Inc. consents to the withdrawal of Spilman Thomas & Battle, PLLC by:

_____
Alliance Security, Inc., by

_____
Printed name

its: _____

Dated: _____